## SUN OIL COMPANY
*vs.*
## ZONING BOARD OF APPEALS OF CITY OF HARTFORD

Superior Court          Hartford County          File No. 62720

MEMORANDUM FILED JUNE 25, 1940.

*Joseph P. Cooney,* of Hartford, for the Appellant.

*Vincent W. Dennis,* Corporation Counsel, of Hartford, *Harold Borden,* Assistant Corporation Counsel, of Hartford, for the Appellee.

McEVOY, J.   The appellant made application to the zoning board for permission to use premises at 63 Capitol Avenue, Hartford, business No. 2 zone, for the purpose of a gasoline filling station which application was made in accordance with the ordinances of the City of Hartford, and a public hearing was held by the board on April 9, 1940.

At said hearing there was no opposition to the granting of the application.

At the hearing the plaintiff presented to the board a letter from the rector of Holy Trinity Church in which it was stated that the church authorities would not oppose the granting of such application.

The zoning board of appeals denied said application on the sole ground that it had no power to grant said application under section 204, subsection (d) of the zoning ordinances of the City of Hartford, which is as follows: "Sec. 204. Special Regulations Relative to Garages and Service Stations. Under no circumstances shall a permit be issued for the erection or enlargement of a garage for more than five motor vehicles, or a motor vehicle service station or gas filling station, or for the conversion of any premises not so used to be used for such purposes, in any business or industrial zone, if any part of such premises used for any such purposes or any accessory use thereto, is situated:

"(d) On any portion of a lot in a Business No. 2 Zone having a frontage on the same side of any public street and within 100 feet, as measured along the street line of such street, of any street frontage of any lot or plot having a frontage on such street and used, or reserved to be used, for the purposes of a church with a seating capacity in excess of 300, or a public library."

The land upon which the church is situated is more than 100 feet from the lot upon which the appellant proposes to erect a gasoline station.

Adjacent to the premises upon which the appellant proposes to erect a gasoline station is a church rectory, occupied by the pastor of the church, and this is within 100 feet from the premises upon which the appellant seeks to erect the gasoline station.

After the hearing there was a discussion among the members of the board and it was decided to ask the corporation counsel for an opinion as to whether subsection (d) of section 204 of the zoning ordinances is applicable to and governs the application in question.

The question which the board was called upon to determine was a simple one, when stated as a fact, but a difficult one when stated as a proposition of law.

It involved the interpretation of the meaning of so much of

the ordinance as reads: "used, or reserved to be used, for the purposes of a church with a seating capacity in excess of 300."

It is admitted that the lot upon which the rectory is located is not now "used" for the purpose of a church.

The question is, whether upon the whole record, the lot is "reserved" to be so used.

In the exercise of an abundance of caution the board called upon the corporation counsel for an opinion as to this matter. He, likewise, exercising the utmost caution, endeavored to protect the interest of the unrepresented adjoining property owner and to see to it that, directly or otherwise, the rights of the adjoining church were not in any way prejudiced.

In the course of that opinion, amongst other items, the corporation counsel said: "Clearly, if the church property you mention is either used or reserved to be used for the purpose of a church with a seating capacity in excess of 300, your board could not legally favor the application in question." In the final paragraph of that opinion the corporation counsel wrote to the board as follows: "If your board is of the opinion that the lot which is within one hundred feet of the applicant's property is not now used as a church and is not reserved to be used for the purposes of a church with a seating capacity in excess of 300, then there is no legal obstacle to the granting of the application. If, however, the evidence before you indicates that the lot within one hundred feet of the applicant's property is now used as a church or reserved to be used for the purposes of a church with a seating capacity in excess of 300, the granting of the application would be in violation of paragraph (d) of Section 204 of the Ordinance."

After a careful and thorough discussion of the matter among the members of the board, by a divided and not a unanimous vote, the application was denied.

The corporation counsel and the members of the board proceeded with the utmost good faith and with an unusual solicitude for the rights of all concerned and endeavored to see to it that no prejudice would come to anyone.

Upon a careful examination of the whole record it would appear that there is no basis for a legal conclusion that the premises upon which the rectory stands have been reserved for use for church purposes. *Woodstock vs. The Retreat, Inc.*,

125 Conn. 53; *Manresa Institute vs. Town of Norwalk*, 61 id. 228; 61 C.J. Taxation §569.

"Even if the defendant had in mind the possibility of a future change in use, so long as his operations had a legitimate present purpose and utility appropriate to the existing uses there would not be such departure from the latter as to require a finding of a present change terminating his right to continue them." *Lehmaier vs. Wadsworth*, 122 Conn. 571, 576; *Chayt vs. Board of Zoning Appeals*, 177 Md. 426, 9 Atl. (2d) 747.

Upon the interpretation most favorably construed in relation to the action of the board, it would appear that, at best, the opinion was based upon speculation as to what *might* occur in the future and that there was no evidence from which a legal conclusion could reasonably be drawn that there was or is any real intent to use the premises upon which the rectory is located for church purposes, or that it is so "reserved" within the purview of subsection (d) of section 204 of the zoning ordinances.

Upon the present record the appeal is sustained and judgment may be entered accordingly.